SAVOY, Judge.
This proceeding involves a judicial review of the ruling of the Louisiana Board of Review in connection with a claim of unemployment compensation benefits made by plaintiff. The Board of Review and the trial judge held that plaintiff was not entitled to benefits under the act. Plaintiff appealed to this Court.
The Board of Review determined that plaintiff was not eligible for benefits for the reason that he did not work for an “employer” which was liable for the payment of unemployment compensation tax under the provisions of the Louisiana Employment Security Law which is found in LSA-R.S. 23:1471 et seq.
The sole question for determination in this case is'whether or not the partnership of Richard and Lovick Vending Service, for whom plaintiff worked, was an employer under the Act. Section (11) (a) of LSA-R.S. 23:1472 states:
“(11) ‘Employer’ means:
“(a) With respect to the calendar year 1941 and each calendar year thereafter, *417 any employing unit which in each of twenty different weeks within either the current or the preceding calendar year, whether or not such weeks are or were consecutive, has or had in employment four or more individuals, not necessarily simultaneously and irrespective of whether the same individuals are or were employed in each such week; *' * *.” (Emphasis ours.)
The referee determined that there were two full time employees of the partnership, plaintiff and White.
The appellant contends that Mr. C. J. Cook, bookkeeper for the corporation, and Mr. William Cardino, assistant bookkeeper for the corporation, were employees of the partnership in that they performed some services for the partnership.
In order to determine whether Cook and Cardino were employees of the partnership, it is necessary to consider the provisions of (12), par. A and (12), par. E of LSA-R.S. 23:1472, which read as follows:
“(12) A. ‘Employment’ means, subject to the other provisions of this Subsection, any service including service in interstate commerce, performed for wages or under any contract of hire, written or oral, express or implied.

“E. Services performed by an individual for wages or under any contract of hire, written or oral, express or implied, shall be deemed to be employment subject to this Chapter unless and until it is shown to the satisfaction of the administrator that:
“(I) Such individual has been and will continue to be free from any control or direction over the performance of such services, both under his contract and in fact; and
“(II) Such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and
“(III) Such individual is customarily engaged in an independently established trade, occupation, profession, or business.”
Since no wages were paid to Mr. Cook and Mr. Cardino, we are of the opinion that they were not hired by the partnership and were not employees thereof. Therefore, plaintiff cannot recover for unemployment compensation benefits herein.
While the district judge did not assign any written reasons for affirming the ruling of the Board, we find authority for him to hold as he did.
In Wilson v. Brown (La.App., 2 Cir., 1962), 147 So.2d 27, the court said:
“When the evidence produced at a hearing before an administrative agency is open to various constructions, the reviewing court must accept the finding of the agency. * *
We think the record contains sufficient evidence to uphold the determination made by the Board of Review.
For the reasons assigned the judgment of the district court is affirmed at appellant’s costs.
Affirmed.